IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KAY ANN WOOTEN, ET AL. | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | NO. 3-04-CV-1196-D |
| | § | |
| FEDERAL EXPRESS CORPORATION | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM ORDER**

Defendant Federal Express Corporation has filed an emergency motion to extend the deadline for filing a motion for summary judgment. For the reasons stated herein, the motion is denied.

I.

This is a race discrimination and retaliation case brought by Plaintiffs Kay Ann Wooten and Ronnie Lemuel Wooten against their former employer, Federal Express Corporation, under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e, *et seq.*, and 42 U.S.C. § 1981. Plaintiffs filed their original complaint on June 3, 2004. Defendant filed an answer on August 3, 2004. Thereafter, the court entered a scheduling order establishing an October 1, 2005 deadling for filing summary judgment motions. *See* Sch. Order, 9/7/05 at 2, ¶ F. At the request of the parties, this deadline was extended until November 15, 2005 "to ensure that all discovery has been completed and deposition transcripts obtained before summary judgment is due[.]" Jt. Mot. for Cont., 9/12/04 at 2, ¶ 2. Unable to meet this new deadline, the parties again sought an extension of time to file summary judgment motions. The court granted this request, ordering defendant to file its motion

for summary judgment "no sooner than November 28, 2005 and no later than November 29, 2005." Order, 11/15/05.

Defendant now seeks yet another extension until December 3, 2005 to file a motion for summary judgment.[1] As grounds for its motion, defendant alleges that "[t]his extension is needed because the preparation of the record cites and appendix has been more time consuming than planned given the numerous depositions and documentary evidence that are relevant to such motion." Def. Mot., 11/22/05 at 1-2, ¶ 2. Plaintiff opposes any further extensions of the summary judgment motion deadline. After considering the pleadings and hearing argument in a telephone conference with the attorneys held earlier today, the motion is ripe for determination.

II.

The court can grant defendant's motion only if it further modifies the scheduling order. Fed. R. Civ. P. 16(b) provides that "[a] schedule shall not be modified except upon a showing of good cause . . ." FED. R. CIV. P. 16(b). The "good cause" standard focuses on the diligence of the party seeking a modification of the scheduling order. *Anderson v. City of Dallas, Texas*, 210 F.R.D. 579, 580-81 (N.D. Tex. 2002) (Kaplan, J.), *citing American Tourmaline Fields v. International Paper Co.*, No. 3-96-CV-3363-D, 1998 WL 874825 at *1 (N.D. Tex. Dec. 7, 1998) (Fitzwater, J.). Mere inadvertence on the part of the movant and the absence of prejudice to the non-movant are insufficient to establish "good cause." *Id.* at 581. Instead, the movant must show that "despite his diligence, he could not have reasonably met the scheduling deadline." *Id.*, *citing* 6A C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1522.1 at 231 (2d ed. 1990). *See also Webb v. City of Dallas*, No. 3-00-CV-2558-R, 2003 WL 21321222 at *2 (N.D. Tex. Jun. 5, 2003) (Kaplan,

---

[1] The court notes that December 3, 2005 falls on a Saturday. Elsewhere in the motion, however, defendant requests an extension of time until December 2, 2005. *See* Def. Mot., 11/22/05 at 2. The court therefore presumes that defendant seeks a three-day extension of the summary judgment motion deadline.

J.) (applying Rule 16(b) "good cause" standard to motion for leave to file second motion for summary judgment after expiration of dispositive motion deadline).

Judged against this standard, defendant has failed to demonstrate "good cause" for modifying the current deadline for filing a motion for summary judgment. Although defendant seeks only three additional days to prepare its brief and appendix due to the size of the record and the intervening Thanksgiving holiday, this logistical problem should have been anticipated by counsel two weeks ago when the parties jointly asked the court to extend the dispositive motion deadline until November 29, 2005. Indeed, defendant concedes that it "should have foreseen the difficulties involved in filing a motion for summary judgment on the Tuesday following the Thanksgiving Holiday since electronic filing is not allowed." Def. Mot., 11/22/05 at 2, ¶ 2. Whatever difficulties may be encountered in meeting this deadline, they do not rise to the level of "good cause."

## CONCLUSION

Defendant's emergency motion to extend the deadline for filing a motion for summary judgment is denied. Defendant must file its motion for summary judgment, brief, and appendix by 12:00 midnight on November 29, 2005.

SO ORDERED.

DATED: November 29, 2005.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE