IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

KAY ANN WOOTEN, et al., §
                         §
        Plaintiffs,      §
                         § Civil Action No. 3:04-CV-1196-D
VS.                      §
                         §
FEDERAL EXPRESS CORPORATION, §
                         §
        Defendant.       §

MEMORANDUM OPINION
AND ORDER

The court revisits this case to address grounds for summary judgment that it raised *sua sponte*.

I

The background facts and procedural history of this case are set out at length in the court's opinion that decided the motion for summary judgment of defendant Federal Express Corporation ("FedEx") and need not be repeated. *See Wooten v. Fed. Express Corp.*, 2007 WL 63609, at *1-*3 (N.D. Tex. Jan. 9, 2007)(Fitzwater, J.) ("*Wooten I*"). In *Wooten I* the court raised *sua sponte* that FedEx is entitled to summary judgment dismissing plaintiffs' 2001-based discriminatory failure to promote claims under 42 U.S.C. § 1981 because the claims are time-barred, and plaintiffs' Texas-law claims for intentional infliction of emotional distress because plaintiffs do not rely on acts independent of their claims for race discrimination, hostile work environment, and retaliation. *See Wooten I*, 2007 WL 63609, at *14 (addressing § 1981 discriminatory failure to promote claims); *id.* at *24 (addressing intentional

infliction of emotional distress). The court gave plaintiffs Kay Ann Wooten ("Katie") and Ronnie Lemuel Wooten ("Ronnie") an opportunity to file a brief stating any basis to avoid dismissal of their 2001-based failure to promote claims and their claims for intentional infliction of emotional distress. Plaintiffs have filed their brief,[1] and the court now decides whether to grant summary judgment dismissing their claims for intentional infliction of emotional distress and their 2001-based promotion claims.

II

Plaintiffs state in a January 11, 2007 letter to the clerk that they do not intend to file a brief opposing dismissal of their claims for intentional infliction of emotional distress. Accordingly, the court grants summary judgment dismissing these claims based on the reasoning set out in *Wooten I*. *See Wooten I*, 2007 WL 63609, at *24.

---

[1]The court stated that if it did not dismiss the claims after receiving plaintiffs' brief, it would permit FedEx to file a reply. The court is opting, however, not to follow that procedure. Because plaintiffs do not contest dismissal of their claims for intentional infliction of emotional distress, no reply is necessary. And FedEx never argued that a two-year limitations period applied to plaintiffs' 2001-based promotion claims; it assumed (correctly) that the limitations period was four years. Moreover, the court is today addressing the merits of the 2001-based promotion claims based on the original briefing, in which FedEx had opportunities to file opening and reply briefs. Accordingly, the court will not delay its ruling on these claims in order to receive further briefing.

III

The court now considers whether plaintiffs' 2001-based promotion claims brought under 42 U.S.C. § 1981 are time-barred and, if not, whether FedEx is entitled to summary judgment dismissing the claims on some other basis.

A

The court in *Wooten I* raised *sua sponte* that FedEx is entitled to summary judgment dismissing plaintiffs' 2001-based promotion claims because a two-year rather than four-year limitations period applied. *Wooten I*, 2007 WL 63609, at *14. Relying on *Goodman v. Lukens Steel Co.*, 482 U.S. 656, 660 (1987), and *National Ass'n of Government Employees v. City Public Service Board,* 40 F.3d 698, 713 n.22 (5th Cir. 1994), the court applied the two-year limitations period for personal injury tort actions under Texas law. *Wooten I*, 2007 WL 63609, at *4 n.9 (citing Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a)(Vernon 2005)). Plaintiffs correctly point out in their brief that, under *Jones v. R&R Donnelly & Sons Co.*, 541 U.S. 369, 382 (2004), the four-year limitations period established by 28 U.S.C. § 1968 applies to § 1981 actions based on post-contractual employment discrimination claims made under the 1991 Civil Rights Act amendments to § 1981. As the court noted in *Wooten I*, FedEx never contested that the limitations period applicable to plaintiffs' § 1981 claims is four years. *See Wooten I*, 2007 WL 63609, at *4 n.9 ("FedEx states that plaintiffs' '§ 1981 race

discrimination claims are timely as to any discrete events that occurred before June 3, 2000.'  FedEx appears to assume that a four-year limitations period applies, because June 3, 2000 precedes by four years the date plaintiffs filed this suit: June 3, 2004." (citation omitted)).  Accordingly, the court agrees with plaintiffs that their § 1981 claims are governed by a four-year limitations period, and it declines to grant summary judgment dismissing any of their § 1981 claims as time-barred.

B

Because the court is not dismissing plaintiffs' 2001-based promotion claims based on limitations, it must now reach the grounds that FedEx raised in its original summary judgment motion for dismissing these claims.

Plaintiffs allege that each was denied a promotion to the position of full-time, non-job share RTD.  *See Wooten I*, 2007 WL 63609, at *14.  The first such denial occurred in 2001, when both Katie and Ronnie bid on the same position.  Katie was denied a promotion a second time in 2002, and Lester Newkirk ("Newkirk"), a non-work group employee with more CEV points,[2] was given the position on which she bid.  To show pretext, plaintiffs argued that Katie was better qualified than Newkirk because she came from

---

[2]"CEV points are a composite score based on an employee's continuous service with FedEx and [his] performance review scores." *Wooten I*, 2007 WL 63609, at *14 n.23 (quoting D. Br. 24).

within the work group. *See Wooten I*, 2007 WL 63609, at *15.[3] The court concluded that there is a genuine issue of material fact whether FedEx policy permitted someone outside the work group to compete for the position. It reasoned that, if the competitors were limited to those within the work group, then Newkirk's superior CEV point total would not have made him more qualified for the position. Therefore, although there was evidence in the record that would permit the jury to find that Newkirk was from the geographical area that made him eligible to bid on the new position, the court could not grant summary judgment dismissing Katie's 2002-based failure to promote claim under § 1981. *Id.*

The same reasoning applies to plaintiffs' 2001-based failure to promote claims, except that FedEx also posits that plaintiffs were subject to a 12-month job share time commitment that had not yet elapsed at the time they applied for the position in 2001. Plaintiffs rely on Katie's deposition testimony to show that the job offer letter only required a six-month time commitment, which would have elapsed by the time plaintiffs applied for the position.[4] FedEx relies on an offer letter addressed to Katie; it

---

[3]In *Wooten I* the court rejected FedEx's arguments that plaintiffs had failed to establish a prima facie case with respect to their 2002-based failure to promote claim. *See Wooten I*, 2007 WL 63609, at *14-*15 (holding that plaintiffs' offer letter time commitment, if any, had elapsed, and that FedEx had failed to show that position was mere "lateral transfer").

[4]FedEx's only apparent argument regarding whether plaintiffs were qualified for the position concerns their being subject to

does not point the court to evidence that Ronnie was subject to the same or to a similar letter. Having considered the evidence, the court holds that there is a genuine issue of material fact as to whether plaintiffs were subject to a job share time commitment that would have disqualified them from applying for the full-time RTD position in 2001. Mark Brendstrup's ("Brendstrup's") deposition testimony and the job application form upon which FedEx relies is not sufficient to establish that plaintiffs were still subject to the job share time commitment at the time that they applied for the full time RTD position.[5] Accordingly, the court cannot say that plaintiffs have failed to establish a prima facie case.

To show that FedEx's proffered legitimate non-discriminatory reason is pretextual, plaintiffs contend that the employee who was hired instead of them was not qualified for the position. The position for which plaintiffs bid in 2001 was ultimately given to Ricky Busch ("Busch"), a FedEx employee with more CEV points than either plaintiff, but whom plaintiffs allege was ineligible for the position because he came from outside the work group.[6] As the

___

time commitment provisions in their job share offer letters.

[5]FedEx relies, *inter alia*, on the "Job Change Application" form, in which Brendstrup checked the box stating that he was "unsure of some requirements and request review by the recruiter," and wrote that "at this time we are not in agreement on Katie's eligibility to bid on this posting." D. App. 181.

[6]The court recounts the evidence in a light favorable to plaintiffs as the summary judgment nonmovants and draws all reasonable inferences in their favor. *E.g., U.S. Bank Nat'l Ass'n*

court has already held concerning Katie's 2002-based claim, if competitors were limited to those within the work group, then Busch's superior CEV point total would not have made him more qualified for the position.  Although there is evidence in the record that would permit the jury to find that Busch, a "station run side" employee, worked in the same geographical area and under the same Senior Manager as did plaintiffs, the court must deny summary judgment as to plaintiffs' 2001-based failure to promote claim under § 1981 because there is a genuine issue of material fact as to whether FedEx policy permitted someone from outside the workgroup to bid for the position.

IV

In their brief in response to *Wooten I*, plaintiffs attempt to apply the four-year § 1981 limitations period to their 2003-based disparate discipline claim,[7] suspension claim, 2000- through 2002-based retaliation claims, hostile work environment claim, and to Katie's 2002 complaint concerning Brendstrup.  This attempt exceeds the scope of the court's decision in *Wooten I* and is unavailing in any event.

The court dismissed all of these claims either on the merits

---

*v. Safeguard Ins. Co.*, 422 F.Supp.2d 698, 701 n.2 (N.D. Tex. 2006) (Fitzwater, J.) (citing *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000)).

[7]Plaintiffs refer specifically to Ronnie's receipt of performance reminders and subsequent termination on December 16, 2003.  *See* Ps. Jan. 18, 2007 Br. 5 n.2.

or for unrelated procedural reasons. It did not dismiss them based on limitations. The court held that plaintiffs' disparate discipline claim—to the extent based on Ronnie's receipt of performance reminders and subsequent termination—essentially merged with plaintiffs' claim of discriminatory termination.[8] *See Wooten I*, 2007 WL 63609, at *4 n.8. The court dismissed Ronnie's suspension-based claim on unrelated procedural grounds. *See id.* at *15 (citing plaintiffs' failure to respond to FedEx's motion for summary judgment insofar as it pertained to Ronnie's one-week suspension claim as a basis for accepting FedEx's evidence as true and undisputed). The court rejected in part plaintiffs' § 1981-based retaliation claims on the merits, after considering all the evidence presented.[9] The court likewise did so with respect to plaintiffs' § 1981 hostile work environment claim. *See id.* at *23

---

[8]Moreover, plaintiffs' disparate discipline claim, to the extent based on Ronnie's receipt of performance reminders in 2003, would not be barred under either a two- or four-year limitations period because plaintiffs filed suit on June 3, 2004.

[9]Plaintiffs' § 1981-based retaliation claims grounded on their terminations and on the alleged retaliatory actions taken by Vicki Peyton against Ronnie survived summary judgment. *See Wooten I*, 2007 WL 63609, at *18-*19. Plaintiffs do not refer to any retaliatory conduct that occurred between June 3, 2003 and June 3, 2002 in their argument in response to FedEx's motion for summary judgment. They cannot now revive the claim with unspecified and newly alleged conduct.
   Plaintiffs' apparent request that the court apply the four-year limitations period set out in 28 U.S.C. § 1968 to Katie's Title VII-based retaliation claim lacks support and is rejected. Moreover, Katie's Title-VII based retaliation claim was dismissed for failure to exhaust. *See Wooten I*, 2007 WL 63609, at *8.

(holding that plaintiffs are unable to establish any harassment by coworkers was sufficiently "severe and pervasive"). Finally, the court did not reject Katie's August 2002 complaint to manager Brendstrup based on limitations. Regardless of the nature of the claim that this conduct is meant to support, it would not be barred under either a two- or four-year limitations period, in view of the fact that plaintiffs filed suit in June 2004.

\* \* \*

Accordingly, the court dismisses plaintiffs' claim for intentional infliction of emotional distress, and it holds that plaintiffs' 2001-based failure to promote claims brought under § 1981 survive summary judgment. The court rejects plaintiffs' attempts to extend the application of the four-year limitations period to revive claims dismissed in *Wooten I*.

**SO ORDERED.**

January 31, 2007.

SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE

- 9 -